McKinney, J..,
delivered the- opinion of the Court :*
This was an action ©f slander, brought by Grever against Poe in the Circuit Court of Johnson. Verdict and judgment were for the plaintiff for $5(10. damages,. *665 and an appeal in error to this Court by the defendant. The question presented upon the record, is, whether an action of slander can be maintained for words .which, though uttered and published within the jurisdiction of this State, impute to the plaintiff the commission of the crime of larceny in Kentucky or Virginia.
For the plaintiff in error, it is argued, that inasmuch as the charge, if tru.e, is not cognizable or punishable by the Courts of this State,’ the action, for that reason, cannot be maintained. The argument assumes, that to constitute a sufficient legal ground for an action of slander, the words spoken must not only impute to- the plaintiff a criminal offence, punishable in the temporal Courts, but furthermore, that it must be an offence cognizable and punishable within the jurisdiction where the slander was published, and to whose tribunals resort is had for redress; and consequently, that where the offence is charged to have been committed within another jurisdiction, no action will lie.
If this were the state of the case, the traducer of his neighbor’s good name might always insure to himself perfect impunity by merely laying the venue of the alleged crime beyond the jurisdiction within which the slander was published. This would seem to be most absurd. If the charge imports an offence forbidden by the divine and moral laws and denounced as odious and punishable by the laws of every civilized country, can it be of any consequence, so far as respects the injury to the reputation of the party accused, where the offence is alleged to have been committed? Will not the accusation, if accredited, be *666 alike ruinous to the party’s good name, whether the crime be alleged to have been committed in Tennessee, Kentucky, or Japan?
But it is said to be a general principle, governing the action of slander, that words to be actionable, without special damage, must impute the commission of a crime punishable by law; and that a principal ground of the action is, the jeopardy of the party to the penalties of the law.
How is the principle to be understood, that the of-fence charged must be punishable by law? Certainly it is unimportant, as respects the right to maintain the action, whether or not, in point of fact, a prosecution has been, or ever shall be, set on foot against the plaintiff. And how can it be material, whether a prosecution might or might not, be successfully maintained against him for the supposed offence? The rules of law upon this subject, it must be remembered, are to some extent, creatures of civil polity, and juris positivi merely. Municipal law assumes to regulate ■only the conduct of individuals in their various relations as members of civil society. In this view it is defined to be “ a rule of civil conduct,” professing to “ command what is right and prohibit w'hat is wrong.”
In making provision for the “security of reputation,” reference was had to the criminal code, to the list of offences proscribed by law; and the criterion established as to what shall be slander per se, is, that the charge must contain an imputation of some one of the offences therein prohibited, involving crime or moral turpitude, for which an indictment will lie. And the legal reason of the rule that the offence imputed must *667 be punishable in the temporal courts, we suppose to be founded upon the idea that the reputation of an individual, as a member of civil society, could not, except under circumstances attended with special damage, be otherwise materially injured. If this be the reason of the law, it would seem to follow that all that is essential to the maintenance of the action is, that the words shall impute the commission of a punishable offence; and, therefore, the inquiry would seem unimportant and irrelevant, whether or not, for any cause, a prosecution might or might not, be successfully maintained in the given case. It is the imputation of the commission of a crime, falsely and maliciously, that works the injury, and forms the true ground of redress in law.
The rule, then, that the offence charged, must be punishable in the temporal Courts, must be understood as merely descriptive of the character of charge deemed actionable per se. True, it is said in some of the books that a principal ground of action is, the jeopardy of the party to the penalties of the law. But is this correct? The very term, slander, implies that the charge is false, for, if true, it is no slander. And if the charge be utterly false and malicious, as is assumed in every action for slander, is it not absurd to say that the jeopardy of the party is a ground of the action ? Upon the hypothesis assumed, the party cannot, in legal contemplation, be in any jeopardy of legal punishment.
But if the rule were as insisted upon for the plaintiff in error, it would avail nothing in a case like the present.
If the crime imputed, were alleged to have been *668 committed in some place beyond the limits of the United States, there would be more plausibility in the argument.
The question, how far one government is bound by the law of nations, independent of treaty stipulation, or any recognized principle of comity, to surrender a fugitive from justice, who, having committed a crime in his own country, has fled for refuge to another, is one upon which eminent jurists differ in opinion.—See Story’s Conflict of Laws, §§ 626, 628.
How this may be, upon principle or authority, it is unimportant to enquire in the determination of the case in hand. For, by the Constitution of the United States, and the law of Congress in pursuance thereof, express and ample provision is made for the surrender of fugitives from justice, as between the several States of the American Union. In the theory of our law, therefore, the escape of a criminal from one State to another, is no impediment to prosecution and punishment for the alleged offence. And this view, of itself, obviates the whole force of the argument.
But it is urged, that it does not judicially appear what the law of Kentucky, or Virginia, is, in respect to larceny. In answer to this objection, we think it sufficient to say, that as larceny is an offence of an infamous character contrary to the moral law, contrary to the common law, and the municipal law of every civilized country, we are justified in presuming that it is a criminal offence, punishable by law, in all the States of this Union.